# IN THE SUPREME COURT OF IOWA

No. 11–1020

Filed July 18, 2014

**STATE OF IOWA,**

Appellee,

vs.

**GABRIEL DETRACE TAYLOR,**

Appellant.

_____

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.


An offender convicted of first-degree robbery committed as a juvenile appeals mandatory minimum sentence as cruel and unusual punishment under the Iowa Constitution. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED; REMANDED FOR RESENTENCING.**


Mark C. Smith, State Appellate Defender, and Nan N. Jennisch, Assistant Appellate Defender, for appellant.


Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Gerald A. Vander Sanden, County Attorney, and Nicholas G. Maybanks and Jason A. Burns, Assistant County Attorneys, for appellee.

**CADY, Chief Justice.**

Gabriel Taylor was convicted of first-degree robbery for a crime he committed when he was seventeen years of age. As required by statute, Taylor was sentenced to a term of imprisonment not to exceed twenty-five years. Another statute required Taylor to serve at least seventy percent of his sentence before he was eligible for parole. Taylor challenges his sentence as cruel and unusual punishment under the Iowa Constitution. For the reasons expressed in *State v. Lyle*, ___ N.W.2d ___ (Iowa 2014), filed on this date, we conclude the mandatory sentence was unconstitutional under the cruel and unusual punishment provision of the Iowa Constitution. We vacate the sentence and remand the case to the district court for resentencing.

## I. Background Facts and Proceedings.

Gabriel Taylor was seventeen years old when he committed the crime of robbery in the first degree. Along with two companions, he robbed the occupants of an apartment, and one of his companions shot one of the occupants in the head. He was prosecuted as an adult, convicted of first-degree robbery, and sentenced to a term of incarceration not to exceed twenty-five years. Under statute, this sentence was mandatory. *See* Iowa Code § 902.9(2) (2009). Additionally, under statute, Taylor was required to serve seventy percent of the sentence before being eligible for parole. *See id.* § 902.12(5). Taylor appealed from his judgment and sentence. We transferred his case to the court of appeals. The court of appeals affirmed the sentence. Taylor sought further review, which we granted. On appeal, he claims his sentence violated article I, section 17 of the Iowa Constitution, which prohibits cruel and unusual punishment. Iowa Const. art. I, § 17.

## II. Disposition.

Based on the reasoning and our holding in *Lyle*, ___ N.W.2d at ___, we vacate the sentence imposed on Taylor and remand the case for resentencing under the standards set forth in *Lyle*.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED; REMANDED FOR RESENTENCING.**

All justices concur except Waterman, Mansfield, and Zager, JJ., who dissent for the reasons set forth in the dissenting opinions in *State v. Lyle*, ___ N.W.2d ___, ___ (Iowa 2014).